# Illinois State Journal Company v. Charles Green, Jr.

1. BY-LAWS—*Typographical Union—A Rule Construed.*—In a suit against the publishers of a newspaper, it was shown that they had adopted the rules of the Typographical Union in regard to the operation of typeset-

ting machines, one of which was as follows: "Fifth. Learners to be paid at the rate of eight dollars per week, for the first thirty-six days' work, after which they shall be paid as journeymen." The plaintiff construed this rule to amount to a contract for the full period of thirty-six days and the trial court so decided. *Held*, that this was error, and that the rule had no effect to fix the term of employment.

Transcript, from a justice of the peace. Appeal from the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the May term, 1896. Reversed and remanded. Opinion filed December 11, 1896.

BROWN, WHEELER & BROWN, attorneys for appellant.

CONNOLLY, MATHER & SNIGG, attorneys for appellee.

MR. PRESIDING JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

The appellant company was engaged in the publication of a weekly and daily newspaper and doing job printing.

Appellee was a typesetter in its employ, and a member of an organization called the Typographical Union.

The company concluded to set type with machines lately invented for that purpose.

These machines are complicated and of delicate mechananism, and those operating them must have skill and experience.

The Typographical Union formulated a code of rules for the government of operators on such machines, and those seeking to fit themselves for such positions, and the employers of such workmen.

The appellant company adopted the code, and appellee began work for it as a "learner" on one of the typesetting machines; worked twenty-three days and was discharged.

One of the rules of the Typographical Union, before referred to, is as follows:

"Fifth. Learners to be paid at the rate of eight dollars per week for day work, and nine dollars per week for night work, for the first thirty-six days' work, after which they shall be paid as journeymen."

Appellee construed this rule to amount to a contract to employ him for the full period of thirty-six days, and brought suit to recover for the entire time. He prevailed, and the company appealed.

The purpose of the rule was to fix the price to be paid " learners," the period of time during which operators should be deemed "learners," and when one who began as a "learner" should be recognized as a journeyman, and become entitled to receive a journeyman's wages.

The rule, as we construe it, had no effect to fix the period or term of employment of either learners or journeymen.

Therefore the judgment must be and is reversed and the cause remanded.